(16 Misc. Rep. 598)

### In re COLLINS et al. (two cases).

### In re GODFREY et al.

(Supreme Court, Special Term, Albany County. April, 1896.)

TOWNS—OFFICERS—DURATION OF FIRST TERM.
　　Where a new town is created out of a portion of an existing town, the offices of the new town are vacant (Laws 1892, c. 681, § 20, subd. 7), and the officers chosen to fill the vacancies hold only until the end of the terms of the corresponding officers of the original town.

Separate applications by Lorenzo D. Collins and John H. Kemp, by James H. Godfrey and Henry L. Engel, and by Lorenzo D. Collins and Frank P. Groat, respectively, to review the determination of the town clerk of the town of Colonie in refusing to print the names of candidates for supervisors and town clerk on the ballots to be furnished at the ensuing annual town meeting of such town. Judgment for relators.

Arthur L. Andrews, for Republican and Union candidates.

Norton Chase and Frederick E. Wadhams, for Democratic candidates.

George L. & George W. Stedman, for town clerk.

CHESTER, J. These are applications to review the determination of the town clerk of the town of Colonie in refusing to print the names of candidates for supervisor and town clerk on the ballots to be furnished at the ensuing annual town meeting of such town. It appears that three certificates have been filed with him,— one certifying the nomination by the Democratic party of James H. Godfrey, as a candidate for supervisor, and of Henry L. Engel, as a candidate for town clerk; one by the Republican party, certifying Lorenzo D. Collins, as a candidate for supervisor, and John H. Kemp, as a candidate for town clerk; and one by 25 citizens, certifying Lorenzo D. Collins and Frank P. Groat, as independent nominations, known as "Union Nominations," for the offices of supervisor and town clerk, respectively. Three cases are submitted, but, as they present exactly the same questions, they will be considered as one. The clerk has decided that the certificates above mention-

ed are defective, in that they contain names of candidates for the offices of supervisor and town clerk, and that said offices are not to be filled at the coming town meeting, because the term of the present incumbents of the offices will not expire until 1897.    For these reasons he has decided to refuse to print the names so certified upon the ballots which he is required to print and furnish.    The question here is as to the correctness of the town clerk's decision.

The town of Colonie was organized pursuant to chapter 975 of the Laws of 1895, passed June 7th of that year, and by section 10 of the act it took effect immediately.    Section 1 of that act provided that all that part of the present town of Watervliet not included within the limits of the village of West Troy and of the village of Green Island is separated from that part of the said town included within such villages, and erected into a separate town, to be hereafter known as the "Town of Colonie."    Section 2 provided that all the rest of said town, consisting of the villages of West Troy and Green Island, shall be the town of Watervliet.    Section 3 provided that the first town meeting of the town hereby erected shall be held at the "town house" at Latham's Corners, on the 2d day of April, 1895, providing this act shall become a law six days prior to that date, and if such shall not be the case, then on the third Monday after this act shall become a law, and thereafter the same shall be held on the same day that other towns hold their annual meeting in Albany county.    Section 4 provided that there shall be elected at the said first town meeting, by ballot, one supervisor, one town clerk, and the other town officers named in the section.    None of the terms of office of any of these town officers are fixed by section 4.    The terms of office of the assessors are provided for by section 5, of the commissioners of excise by section 6, and of the commissioners of highways and the overseers of the poor by section 7.    Nothing is said in the act as to the term of office of the supervisor or the town clerk, but the act provides, in section 9, that:

"The town hereby erected shall be governed in all respects by chapter twenty of the general laws of the state, known as the town law, except as hereinbefore provided."

The town law (Laws 1890, c. 569, as amended by Laws 1893, c. 344), in section 12, provides for the election of all town officers, except supervisor and town clerk, at the annual town meeting, by ballot, and also provides for the election by ballot, at each alternate town meeting, of one supervisor and one town clerk, except in the county of Kings.    This section also provides that:

"If there shall be any vacancies in the office of supervisor, town clerk, etc., * * * of any town, at the time of holding its annual town meeting, persons shall then also be chosen to fill such vacancies, who shall hold their offices for the residue of the unexpired term for which they are respectively elected."

Section 13 of the town law (as amended by Laws 1893, c. 344) provides that supervisors and town clerks shall hold their respective offices for two years.    At the time of the passage of the act creating the town of Colonie, Terrence Cummings was supervisor and James H. Foley town clerk of the town of Watervliet, from which

the new town was taken, having been elected at the town meeting in April, 1894. Their terms of office will expire in April, 1896, upon the election and qualification of their successors. The present incumbents of these offices in the town of Colonie were elected at the first town meeting provided for in section 3 of the act erecting that town, which was held upon the 27th day of June, 1895.

The contention on behalf of the nominees certified as above to the town clerk is that the present incumbents of these offices in Colonie were elected to fill vacancies in their respective offices, and that it is essential, in order to procure uniformity in the expiration of the terms of their offices with those of other like offices in the county, that an election should be held this year for a full term of two years. On the other hand, the town clerk contends, as indicated by his refusal to print these names upon the ballots, that the present incumbents were elected for a full term of two years, and that their term of office does not expire until the annual town meeting of next year. It seems to me evident, from the hasty examination that I have been compelled to give to the questions presented, that the town clerk is in error in the position he has taken. The act creating the new town took effect June 7, 1895. The first town meeting under it was held June 27th following. Were there vacancies in the offices of supervisor and town clerk between these dates and at the time of such first town meeting? The new town had been erected. The offices in question had been established, but had not been filled by the legislature, in the law creating the town, or in any other manner. The new town had no supervisor or town clerk. The offices were "vacant" within the usual and accepted meaning of that term. The word "vacancy" aptly and fitly describes the condition of an office when it is first created and has been filled by no incumbent. 28 Am. & Eng. Enc. Law, 2. And an office is vacant in the eye of the law whenever it is unoccupied by a legally qualified incumbent who has a lawful right to continue therein until the happening of some future event. 19 Am. & Eng. Enc. Law, 431, and cases cited. A newly-created office which is not filled by the tribunal which created it becomes vacant on the instant of its creation. This principle seems to be well settled by numerous decisions. Id., and cases cited. This is also made clear by the public officers law, which provides that, when a new office shall be created, such office shall, for the purpose of an appointment or election, be vacant from the date of its creation, until it shall be filled by election or appointment. Laws 1892, c. 681, § 20, subd. 7.

But it is claimed here that the provision of section 12 of the town law above quoted, which provides that "if there shall be any vacancies in the offices of supervisor, town clerk, etc., of any town at the time of holding its annual town meeting, persons shall then be chosen to fill such vacancies, who shall hold their offices for the residue of the unexpired term for which they are respectively elected," cannot apply to the case in question, for the reason that there was no unexpired term and that the officers in question had no predecessors. I think it is not an unreasonable view, as applied to the facts of this case, to hold that the supervisor and town clerk

of the town of Watervliet were the predecessors of the present incumbents of these offices in the town of Colonie. When the present supervisor and town clerk of Watervliet were elected, they were elected for the entire town, which at the time of their election included the territory now constituting the town of Colonie. Their jurisdiction covered the territory of the latter town. They were removed from their offices, so far as they related to the territory comprised within the town of Colonie, by the act of 1895 creating that town; or, if they were not removed by the act, they were prevented by it from exercising any further jurisdiction over the town of Colonie, or holding any official relation to it. Their functions as officials ceased by reason of the act, so far as the new town was concerned. Had it not been for the act creating the town, they would have been the officials for the territory comprised within the new town until the expiration of their respective terms of office in 1896. I think it is therefore reasonable to hold that they were the predecessors in office of the present incumbents of these offices in the town of Colonie, and that it was for their unexpired term of office, so far as it related to the territory comprised within that town, that the supervisor and town clerk of Colonie were elected at the first town meeting provided for in the act in question.

If I am correct in my conclusions, the supervisor and town clerk elected at such first town meeting were elected to fill vacancies, and were not elected for a full term, and the provision of section 13 of the town law with reference to filling of vacancies governs their term of office. Pursuant to that section, their term expires in 1896, and their successors should therefore be elected at the coming town meeting. I come to this conclusion with less hesitation than I otherwise would, for the reason that it seems to me it is the evident intent of the statute to procure uniformity in the time of expiration of the term of office of all supervisors in the county, and that a holding that there should be no election in Colonie this year would result in the supervisor from that town being elected at a different time from the supervisor of Watervliet, and of each of the other towns in the county. It follows that the application should be granted in each case, and the town clerk directed to place the names of the several nominees for supervisor and town clerk above mentioned upon the official ballot.

Applications granted.